JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
THE TALL TREE INSURANCE COMPANY

### DEFENDANTS
MUNICH REINSURANCE AMERICA, INC., formerly known as AMERICAN RE-INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff: Chittenden County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BZ
ADR

(c) Attorney's (Firm Name, Address, and Telephone Number)
Martin D. Katz, Esq./Whitney Walters, Esq.
Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, 16th Floor, Los Angeles, California 90067
Tel: 310-22803700 / Fax: 310-228-3701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | PRISONER PETITIONS | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 2201, 2202

Brief description of cause:
Declaratory judgment action regarding reinsurance agreement

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: 2/21/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FAXED

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MARTIN D. KATZ, Cal. Bar No. 110681
WHITNEY WALTERS, Cal. Bar No. 237781
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
mkatz@sheppardmullin.com
wwalters@sheppardmullin.com

Attorneys for Plaintiff
THE TALL TREE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TALL TREE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MUNICH REINSURANCE AMERICA, INC., formerly known as AMERICAN RE-INSURANCE COMPANY,<br><br>Defendant. | No. 08 1060<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

BZ

1    Plaintiff The Tall Tree Insurance Company ("Tall Tree"), for its causes of
action against Defendant Munich Reinsurance America, Inc. ("Munich Re"),
formerly known as American Re-Insurance Company ("American Re"), alleges as
follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that: (a) under two excess liability insurance policies issued by Tall Tree to Hewlett-Packard Company ("HP"), there is coverage for certain underlying actions brought against HP; and (b) Tall Tree's coverage obligations to HP give rise to Munich Re's obligation under two reinsurance agreements between Munich Re and Tall Tree to reimburse Tall Tree for the amounts Tall Tree pays to HP in good faith.

2. In 2000, HP was named as a defendant in various class actions, each of which alleged that HP engaged in unfair and deceptive advertising and marketing practices by advertising and selling printers with cartridges that contained less ink than a full capacity replacement cartridge (the "Starter Cartridge Suits"). The Starter Cartridge Suits have all been resolved.

3. The Tall Tree policies provide that, subject to the specified retained limit, Tall Tree is obligated to pay the total sum that HP becomes legally obligated to pay to a third party for damages on account of "Advertising Liability," which is defined to include ***"injury arising from a third party's reliance upon the content of material*** disseminated by [HP] or with their permission." The Tall Tree policies also cover defense costs that HP incurs in connection with such claims.

4. Tall Tree gave notice of the Starter Cartridge Suits to Munich Re, which reinsures the Tall Tree policies. Tall Tree has requested that Munich Re confirm that it would reimburse Tall Tree under the reinsurance agreements it entered into with Tall Tree for the amounts Tall Tree is required to pay to HP.

5. Munich Re has denied any duty to reimburse Tall Tree if Tall Tree pays HP for the Starter Cartridge Suits, claiming that there is no coverage for the Starter

-1-

Cartridge Suits under the "Advertising Liability" provisions of the Tall Tree policies.

6. Tall Tree believes that Munich Re has misconstrued the Tall Tree policies, and therefore, Munich Re's obligations under the reinsurance agreements. Accordingly, the parties require an immediate judicial determination as to whether the Starter Cartridge Suits give rise to an obligation by Tall Tree to pay HP for the defense costs HP incurred, subject to the specified retained limit, with a corresponding obligation of Munich Re to reimburse Tall Tree pursuant to the reinsurance agreements.

## PARTIES

7. Tall Tree is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business in Vermont.

8. Upon information and belief, Munich Re is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey. Upon information and belief, Munich Re formerly was known as American Re-Insurance Company (referred to herein as "American Re"). Thus, as used herein, Munich Re refers to both Munich Re and American Re.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §§ 2201 and 2202. There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) as Munich Re (and, formerly, American Re) is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

11. Pursuant to Civil Local Rule 3-5, assignment to the San Francisco Division of this Court is appropriate because a substantial part of the events which give rise to the claim occurred in the County of San Francisco.

## FACTUAL BACKGROUND

### The Tall Tree Insurance Policies

12. HP is insured under two excess liability insurance policies issued by Tall Tree, Policy No. 470-ILX0002-E, with a policy period of September 30, 1999 to September 30, 2000, and Policy No. 470-ILX0002-F, with a policy period of September 30, 2000 to September 30, 2002 (collectively, the "Policies").

13. The Policies provide that, subject to a single specified retained limit, Tall Tree is obligated to pay the total sum the insured, HP, shall become legally obligated to pay as damages and for defense costs (as further defined by the term "Ultimate Net Loss") on account of "Advertising Liability."

14. The Policies define "Advertising Liability" to mean "injury arising out of [publicity or promotion of any form]," including "injury arising from a third party's reliance upon the content of material disseminated by the Named Insured or with their permission." Specifically, the Policies provide, in pertinent part, as follows:

> The term "Advertising Liability" means injury arising out of "Advertising Activity," "Broadcasting Activities," and/or "Publishing Activities" committed by or on behalf of the Named Insured resulting from the following offenses, regardless of the type of media used:
>
> 1. libel, slander, defamation, or other form of disparagement of a person or organization or a person or organization's goods, products or services including, but not limited to: disparagement or harm to the character, reputation, or feelings of any person or organization, product disparagement, trade libel, infliction of emotional distress, humiliation, outrage or outrageous conduct;

  2. any infringement of copyright, title, slogan, trademark, trade name, trade dress, service mark or service name;

  3. plagiarism, idea misappropriation under an implied contract, or other misappropriation of property rights, ideas, or information;

  4. any form of invasion, infringement or interference of right of privacy or publicity, including, but not limited to: false light, public disclosure of private facts, intrusion and commercial appropriation of name or likeness;

  5. wrongful entry or eviction, trespass, eavesdropping, or other invasion of the right of private occupancy;

  6. false arrest, detention or imprisonment, malicious prosecution;

  7. privacy or unfair competition; or

  8. any act, error or omission in the use of advertising or merchandising ideas committed or alleged to have been committed during the policy period in any advertisement, publicity article, broadcast or telecast (including use of electronic media, such as, but not limited to the Internet)

  ***Advertising Liability includes injury arising from a third party's reliance upon the content of material disseminated by the Named Insured or with their permission.***

**The Reinsurance Agreements**

15. Munich Re reinsures Tall Tree's liability under the Policies pursuant to two reinsurance agreements (the "Reinsurance Agreements").

16. Specifically, the Reinsurance Agreement reinsuring Policy No. 470-1XL0002-E provides, in pertinent part, as follows: "The Reinsurer agrees to indemnify the Company against losses or damages which the Company is legally

-4-

obligated to pay with respect to which insurance is afforded during the term of this Certificate under the policy reinsured."

17.  The Reinsurance Agreement reinsuring Policy No. 470-1XL0002-F provides, in pertinent part, that:

> The liability of the Reinsurer [i.e., Munich Re], as specified in this Agreement, shall follow that of the Reinsured [i.e., Tall Tree], and shall be subject in all respects to all of the terms, conditions, limit(s), general and special stipulations, clauses, modifications and pre-loss waivers of the Policy[ies] as scheduled in Appendix A [i.e., Policy No. 470-1XL0002-F]. The Reinsurer shall, in every claim to which this Agreement applies involving amounts that the Reinsured is legally obligated to pay . . . ***follow the fortunes of the Reinsured***, as long as it is within the terms and conditions of this Reinsurance Agreement . . . For purposes of this Agreement, reinsured losses shall include Loss Expenses. The term "Loss Expenses" means all internal and external expenses paid or incurred in the investigation and settlement of claims, suits or proceedings . . . includ[ing] legal fees, court costs and interest on any judgment or award incurred by or on behalf of the Direct Insured(s) [i.e., HP] or the Reinsured
> . . .

### The Key Language In The "Advertising Liability" Coverage In The Tall Tree Policies Was Negotiated Between HP, Tall Tree And Munich Re

18.  In July 1999, HP began a process of overhauling and enhancing its excess liability insurance coverage program. In conjunction with this effort, HP engaged a broker and outside counsel to analyze its coverage and recommend and negotiate various enhancements. HP's "Advertising Liability" coverage was one of the areas targeted for obtaining enhancements to the then-existing coverage.

19.  Any enhancement to the Tall Tree excess liability policies needed to be negotiated with the party having a financial stake in the risk transfer – i.e., Munich Re. To that end, HP's broker commenced negotiations with Munich Re, advising Munich Re on August 11, 1999, that "[o]ur desired approach is to specifically

-5-

1 include a coverage grant for MultiMedia Liability, and appropriately amend the defined offenses under Advertising Injury."

20. A few days later, HP's broker suggested to Munich Re language "regarding clarifying and enhancing the Advertising Injury type coverage included in this policy." This initial proposed language included a provision affording coverage for a claimed injury resulting from a third party's reliance upon the content of advertising or other similar material that HP disseminated, although the language was slightly different from what the parties ultimately agreed to use. The initial language that HP proposed was as follows:

> Multimedia Liability also includes injury because a third party . . . acts upon or makes a decision or decisions based on the content of the material disseminated by the insured or with the insured's permission.

21. Munich Re countered with its own definition of "Advertising Liability," which did not include a provision affording coverage for a claimed injury arising from a third party's reliance on the content of material disseminated by HP.

22. HP, however, persisted in its effort to obtain broader coverage. Accordingly, HP's broker sent a draft of the insurance policy to Munich Re, which included the following provision:

> Advertising Liability includes injury arising from a third party's reliance upon the content of material disseminated by you or with your permission.

23. Thereafter, over the course of several weeks, HP and Munich Re raised, addressed and resolved various wording issues in the draft insurance policy, including the "Advertising Liability" language at issue here. Munich Re's comments to the proposed wording as a whole, and to the "Advertising Liability" language specifically, were numerous and extensive. In fact, Munich Re made numerous comments to the "Advertising Liability" definition in the draft policy. Munich Re also made comments on the very language that is the subject of this

-6-

dispute, requesting that the term "you" be replaced with "Named Insured," a stylistic change that was acceptable to HP (and Tall Tree).

24. Ultimately, by November 1999, the parties had agreed to the enhanced "Advertising Liability" language that appears in the final version of the Policies.

25. The enhanced "Advertising Liability" language negotiated by the parties was designed to broaden insurance coverage for HP. This occurred in the aftermath of a Ninth Circuit decision more favorable to insurers, Cahill v. Liberty Mutual Insurance Company, 80 F.3d 336 (9th Cir. 1996). In that decision, the Ninth Circuit held that the policyholder could not have reasonably expected that, standing alone, the language "any negligent act, error or omission in the use of advertising or merchandising ideas" in the policy's definition of "Advertising Injury" would include claims arising from misleading investment advice. Expanding HP's coverage following the Cahill decision, the parties contractually eliminated any requirement that the "Advertising Injury" arise from the advertisement itself, and instead imposed a different causal connection requirement – one that would afford enhanced coverage for an "injury arising from a third party's reliance upon the content of material disseminated by the Named Insured [HP] or with their permission."

**The Starter Cartridge Class Actions**

26. Beginning in 2000, HP was named as a defendant in the Starter Cartridge Suits. The Starter Cartridge Suits alleged that HP engaged in unfair and deceptive advertising and marketing practices by advertising and selling printers with cartridges that contained less ink than a full capacity replacement cartridge. The Starter Cartridge Suits further alleged that third parties relied on the content of materials that HP disseminated (specifically, packages and displays for HP printers) to their detriment.

27. HP's defense of the Starter Cartridge Suits was extremely successful. All of the cases were resolved either by an adjudication in favor of HP or by

-7-

agreement with the underlying plaintiffs whereby the plaintiffs dismissed the suits. However, HP incurred substantial defense costs, well in excess of the retained limit specified in the Policies issued by Tall Tree, to defend against and resolve the Starter Cartridge Suits.

**Tall Tree Believes That It Is Obligated To Reimburse HP For Amounts Incurred To Defend Against The Starter Cartridge Suits, But Munich Re Has Stated That It Will Not Reimburse Tall Tree For Such Amounts**

28.  After HP paid its retained limit in defense of the Starter Cartridge Suits, HP requested that Tall Tree begin to reimburse it for all defense costs incurred pursuant to the Policies issued by Tall Tree.

29.  Tall Tree believes that there is coverage for the Starter Cartridge Suits under the "Advertising Liability" provisions of the Policies, and has requested that Munich Re confirm that it would reimburse Tall Tree for the amounts Tall Tree pays to HP in good faith.

30.  Munich Re has denied any obligation to reimburse Tall Tree, claiming that there is no coverage for the Starter Cartridge Suits under the Policies.

## COUNT I

(Declaratory Relief)

31.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.  Tall Tree contends that: (a) there is coverage for the Starter Cartridge Suits under the Policies it issued to HP, giving rise to Tall Tree's obligation to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit; and (b) Tall Tree's coverage obligations under the Policies give rise to Munich Re's obligation under the Reinsurance Agreements to reimburse Tall Tree for the amounts Tall Tree pays to HP in good faith, including any interest that Tall Tree pays to HP for the amounts outstanding.

-8-

33.   Munich Re disputes Tall Tree's contentions, and instead claims that there is no coverage under the Policies for the defense costs HP incurred in connection with the Starter Cartridge Suits, and that Munich Re, therefore, has no corresponding duty to Tall Tree under the Reinsurance Agreements.

34.   An actual controversy exists between the parties regarding the parties' respective rights and obligations under the Policies and Reinsurance Agreements. A declaratory judgment is needed to clarify the legal relations of the parties, will serve a useful purpose in resolving the dispute at issue and will afford relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

35.   Tall Tree is entitled to a declaratory judgment that: (a) there is coverage for the Starter Cartridge Suits under the Policies it issued to HP, giving rise to Tall Tree's obligation to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit; and (b) Tall Tree's coverage obligations under the Policies give rise to Munich Re's obligation under the Reinsurance Agreements to reimburse Tall Tree for the amounts Tall Tree pays to HP in good faith, including any interest that Tall Tree pays to HP for the amounts outstanding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court order, adjudge, and decree the following:

1.   That Tall Tree is entitled to the following declaratory relief:

(a)   that there is coverage for the Starter Cartridge Suits under the Policies Tall Tree issued to HP, giving rise to Tall Tree's obligation to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit set forth in the Policies;

(b)   that Tall Tree's coverage obligations under the Policies give rise to Munich Re's obligation under the Reinsurance Agreements to reimburse Tall

1 | Tree for the amounts Tall Tree pays to HP in good faith, including any interest that
2 | Tall Tree pays to HP for the amounts outstanding;
3 |     2.    An award to Tall Tree of all of its costs and expenses incurred in this
4 | matter; and
5 |     3.    Such other and further relief as the Court deems just, necessary and
6 | proper.

Dated: February 21, 2008    Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
MARTIN D. KATZ
WHITNEY WALTERS

By _____
Martin D. Katz
Attorneys for Plaintiff
THE TALL TREE INSURANCE COMPANY

-10-

W02-WEST:2WBW1\400695074.5    COMPLAINT FOR DECLARATORY RELIEF