1  Bruce H. Winkelman, Esq. (SBN 124455)
   CRAIG & WINKELMAN LLP
2  2001 Addison Street, Suite 300
   Berkeley, California 94704
3  Telephone: (510) 549-3330
   Facsimile: (510) 217-5894
4
   Counsel for Defendant
5  MUNICH REINSURANCE AMERICA, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  THE TALL TREE INSURANCE COMPANY    )    Case No:  Case No: CV08-1060 BZ
                                        )
12          Plaintiff,                  )
                                        )
13      vs.                             )    **MUNICH REINSURANCE**
                                        )    **AMERICA, INC.'S ANSWER TO**
14  MUNICH REINSURANCE AMERICA, INC.    )    **TALL TREE INSURANCE**
                                        )    **COMPANY'S COMPLAINT;**
15          Defendant.                  )    **DEMAND FOR JURY TRIAL**
                                        )
16  _____   )

17

18         Defendant Munich Reinsurance America, Inc. ("Munich Re America") hereby answers

19  the Complaint ("Complaint") by The Tall Tree Insurance Company ("Tall Tree" or "plaintiff") as

20  follows:

21                              **NATURE OF ACTION**

22         1.    In response to Paragraph 1 of the Complaint, Munich Re America admits that this is

23  an action for declaratory relief.  Munich Re America is without sufficient knowledge or

24  information to form a belief as to the truth of the remaining allegations contained in said

25  paragraph, and on that basis denies each and every allegation, except to the extent expressly

26  stated herein.

27         2.    In response to Paragraph 2 of the Complaint, Munich Re America admits, on

28  information and belief, that HP was sued in a number of class action lawsuits alleging

CRAIG & WINKELMAN LLP

1 misrepresentations with respect to ink cartridges supplied with certain printers. ("Starter
2 Cartridge Suits") Munich Re America is without sufficient knowledge or information to form a
3 belief as to the truth of the remaining allegations contained in said paragraph, and on that basis
4 denies each and every allegation, except to the extent expressly stated herein.

5     3.    In response to Paragraph 3 of the Complaint, Munich Re America admits that Tall
6 Tree issued policies at various excess levels for a period of years. Munich Re America is without
7 sufficient knowledge or information to form a belief as to the truth of the remaining allegations
8 contained in said paragraph, and on that basis denies each and every allegation, except to the
9 extent expressly stated herein.

10     4.    In response to Paragraph 4 of the Complaint, Munich Re America admits that it
11 became aware of the Starter Cartridge Suits. Munich Re America further admits that, at least for
12 certain Tall Tree policies, American Re-Insurance Company provided reinsurance. Munich Re
13 America is without sufficient knowledge or information to form a belief as to the truth of the
14 remaining allegations contained in said paragraph, and on that basis denies each and every
15 allegation, except to the extent expressly stated herein.

16     5.    In response to Paragraph 5 of the Complaint, Munich Re America denies that Tall
17 Tree has advised Munich Re America it actually paid any sums to HP for the Starter Cartridge
18 Suits. Munich Re America is without sufficient knowledge or information to form a belief as to
19 the truth of the remaining allegations contained in said paragraph, and on that basis denies each
20 and every allegation, except to the extent expressly stated herein.

21     6.    In response to Paragraph 6 of the Complaint, Munich Re America denies that Tall
22 Tree has advised Munich Re America of an actual payment under any Tall Tree policy that would
23 require a need for an immediate judicial determination. Munich Re America is without sufficient
24 knowledge or information to form a belief as to the truth of the remaining allegations contained in
25 said paragraph, and on that basis denies each and every allegation, except to the extent expressly
26 stated herein.

27                                    **PARTIES**

28     7.    In response to Paragraph 7 of the Complaint, Munich Re America is without

CRAIG & WINKELMAN LLP

2

1   sufficient knowledge or information to form a belief as to the truth of the allegations contained in
2   said paragraph, and on that basis denies each and every allegation contained therein.

3       8.    In response to Paragraph 8 of the Complaint, Munich Re admits that it is a
4   corporation pursuant to the laws of the State of Delaware and is headquartered in New Jersey.
5   Munich Re admits that it was formerly known as American Re-Insurance Company.  Munich Re
6   America is without sufficient knowledge or information to form a belief as to the truth of the
7   allegations contained in said paragraph, and on that basis denies each and every allegation not
8   otherwise admitted.

9   ### JURISDICTION AND VENUE

10      9.    In response to Paragraph 9 of the Complaint, Munich Re America is without
11  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
12  said paragraph, and on that basis denies each and every allegation contained therein.

13      10.    In response to Paragraph 10 of the Complaint, Munich Re America is without
14  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
15  said paragraph, and on that basis denies each and every allegation contained therein.

16  ### INTRADISTRICT ASSIGNMENT

17      11.    In response to Paragraph 11 of the Complaint, Munich Re America is without
18  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
19  said paragraph, and on that basis denies each and every allegation contained therein.

20  ### FACTUAL BACKGROUND

21      12.    In response to Paragraph 12 of the Complaint, Munich Re America admits, on
22  information and belief, Tall Tree issued Policy No. 470-1XL0002-E, second layer excess, with a
23  stated term of September 30, 1999 - September 30, 2000 and Policy No. 470-1XL0002-F, second
24  layer excess, with a stated term of September 30, 2000 - September 30, 2002.  (The "Policies").
25  Munich Re America is without sufficient knowledge or information to form a belief as to the truth
26  of the allegations contained in said paragraph, and on that basis denies each and every allegation
27  contained therein.

28      13.    In response to Paragraph 13 of the Complaint, Munich Re America admits that the

CRAIG & WINKELMAN LLP

1  Policies provide contractual language as set forth by the terms and conditions contained therein.
2  Munich Re America is without sufficient knowledge or information to form a belief as to the truth
3  of the allegations contained in said paragraph, and on that basis denies each and every allegation
4  contained therein.

5     14.    In response to Paragraph 14 of the Complaint, Munich Re America admits that the
6  Policies provide contractual language as set forth by the terms and conditions contained therein.
7  Munich Re America is without sufficient knowledge or information to form a belief as to the truth
8  of the allegations contained in said paragraph, and on that basis denies each and every allegation
9  contained therein.

10                    **THE REINSURANCE AGREEMENTS**

11     15.    In response to Paragraph 15 of the Complaint, Munich Re admits that American
12  Re-Insurance Company provided reinsurance of the Policies subject to certain reinsurance
13  certificates. Munich Re America is without sufficient knowledge or information to form a belief
14  as to the truth of the allegations contained in said paragraph, and on that basis denies each and
15  every allegation contained therein.

16     16.    In response to Paragraph 16 of the Complaint, Munich Re America admits that the
17  reinsurance certificates provide contractual language as set forth by the terms and conditions
18  contained in those certificates and must be read as a whole.  Munich Re America is without
19  sufficient knowledge or information to form a belief as to the truth of the remaining allegations
20  contained in said paragraph, and on that basis denies each and every allegation, except to the
21  extent expressly stated herein.

22     17.    In response to Paragraph 17 of the Complaint, Munich Re America admits that the
23  reinsurance certificates provide contractual language as set forth by the terms and conditions
24  contained in those certificates and must be read as a whole.  Munich Re America is without
25  sufficient knowledge or information to form a belief as to the truth of the remaining allegations
26  contained in said paragraph, and on that basis denies each and every allegation, except to the
27  extent expressly stated herein.

28     18.    In response to Paragraph 18 of the Complaint, Munich Re America is without

CRAIG & WINKELMAN LLP

4

1    sufficient knowledge or information to form a belief as to the truth of the allegations contained in

2    said paragraph, and on that basis denies each and every allegation contained therein.

3        19.    In response to Paragraph 19 of the Complaint, Munich Re America is without

4    sufficient knowledge or information to form a belief as to the truth of the allegations contained in

5    said paragraph, and on that basis denies each and every allegation contained therein.

6        20.    In response to Paragraph 20 of the Complaint, Munich Re America is without

7    sufficient knowledge or information to form a belief as to the truth of the allegations contained in

8    said paragraph, and on that basis denies each and every allegation contained therein.

9        21.    In response to Paragraph 21 of the Complaint, Munich Re America is without

10   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

11   said paragraph, and on that basis denies each and every allegation contained therein.

12       22.    In response to Paragraph 22 of the Complaint, Munich Re America is without

13   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

14   said paragraph, and on that basis denies each and every allegation contained therein.

15       23.    In response to Paragraph 23 of the Complaint, Munich Re America is without

16   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

17   said paragraph, and on that basis denies each and every allegation contained therein.

18       24.    In response to Paragraph 24 of the Complaint, Munich Re America is without

19   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

20   said paragraph, and on that basis denies each and every allegation contained therein.

21       25.    In response to Paragraph 25 of the Complaint, Munich Re America is without

22   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

23   said paragraph, and on that basis denies each and every allegation contained therein.

24       26.    In response to Paragraph 26 of the Complaint, Munich Re America admits, on

25   information and belief, that HP was a defendant in certain lawsuits alleging that HP made certain

26   intentional misrepresentations with respect to the amount of ink contained in new HP ink-jet

27   printers. Munich Re America is without sufficient knowledge or information to form a belief as

28   to the truth of the allegations contained in said paragraph, and on that basis denies each and every

CRAIG & WINKELMAN LLP

5

1  allegation contained therein.

2      27.    In response to Paragraph 27 of the Complaint, Munich Re America is without
3  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
4  said paragraph, and on that basis denies each and every allegation contained therein.

5      28.    In response to Paragraph 28 of the Complaint, Munich Re America is without
6  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
7  said paragraph, and on that basis denies each and every allegation contained therein.

8      29.    In response to Paragraph 29 of the Complaint, Munich Re America is without
9  sufficient knowledge or information to form a belief as to the truth of the allegation that Tall Tree
10  believes that there is coverage for the Starter Cartridge Suits and denies each and every allegation
11  contained therein.

12      30.    In response to Paragraph 30 of the Complaint, Munich Re America denies that
13  there has been any claim for coverage that has been denied.

14  ## COUNT I – DECLARATORY RELIEF

15      31.    In response to Paragraph 31 of the Complaint, Munich Re America realleges and
16  incorporates by reference its answer to each of the allegations made herein in response to
17  Paragraphs 1 through 33 of the Complaint, as set forth above.

18      32.    In response to Paragraph 32 of the Complaint, Munich Re America is without
19  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
20  said paragraph, and on that basis denies each and every allegation contained therein.

21      33.    In response to Paragraph 33 of the Complaint, Munich Re America is without
22  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
23  said paragraph, and on that basis denies each and every allegation contained therein.

24      34.    In response to Paragraph 34 of the Complaint, Munich Re America denies that a
25  ripe actual controversy between the parties and is otherwise without sufficient knowledge or
26  information to form a belief as to the truth of the allegations contained in said paragraph, and on
27  that basis denies each and every allegation contained therein.

28      35.    In response to Paragraph 35, Munich Re America denies each and every allegation

CRAIG & WINKELMAN LLP

1  contained therein.

2                          **AFFIRMATIVE DEFENSES**

3       As for its affirmative defenses to the causes of action alleged in the Complaint, Munich

4  Re America alleges as follows:

5                      **FIRST AFFIRMATIVE DEFENSE**

6                          **(Failure To State A Claim)**

7       The Complaint, and each claim for relief alleged therein, fails to state a claim for which

8  relief can be granted against Munich Re America.

9                      **SECOND AFFIRMATIVE DEFENSE**

10                     **(No Justiciable Case or Controversy)**

11      There is no actual case or controversy to the extent that the plaintiff has not paid any

12 amounts to its insured or any indemnity issue has arisen with respect to any reinsurance

13 certificates issued by defendant or with respect to those insurance contracts issued by Tall Tree,

14 or both.

15                      **THIRD AFFIRMATIVE DEFENSE**

16                               **(Waiver)**

17      To the extent that the claims made in the Complaint against defendant are barred in whole

18 or in part by the doctrine of waiver, there is no coverage under the reinsurance certificates.

19                     **FOURTH AFFIRMATIVE DEFENSE**

20                              **(Estoppel)**

21      To the extent that the claims made in the Complaint against defendant are barred in whole

22 or in part by the doctrine of estoppel, there is no coverage under the reinsurance certificates.

23                      **FIFTH AFFIRMATIVE DEFENSE**

24          **(No Obligation for Liability Beyond Reinsurance Cover)**

25      Munich Re America has no duties or obligations under any reinsurance certificate for any

26 claims that constitute liability beyond the circumscribed policy provisions of any applicable Tall

27 Tree policy.

28

CRAIG & WINKELMAN LLP

1

2                          **SIXTH AFFIRMATIVE DEFENSE**

3                              **(Scope of Coverage)**

4    Munich Re America has no duties or obligations under any reinsurance certificate to the extent

5    plaintiff's claim for coverage fails to comport with the scope of coverage set forth in the

6    reinsurance certificates.

7                         **SEVENTH AFFIRMATIVE DEFENSE**

8                               **(Lack of Standing)**

9         The Complaint, and each claim for relief alleged therein, is barred to the extent that the

10   plaintiff lacks standing to bring or maintain this action.

11                          **EIGHTH AFFIRMATIVE DEFENSE**

12                              **(Lack of Capacity)**

13        The Complaint, and each claim for relief alleged therein, is barred to the extent that the

14   plaintiff lacks capacity to bring or maintain this action.

15                          **NINTH AFFIRMATIVE DEFENSE**

16                 **(Failure To Comply With Terms & Conditions)**

17        The Complaint may be barred in whole or in part by the terms, exclusions, conditions and

18   limitations contained in the reinsurance certificates, the Tall Tree insurance policies, or both.

19                          **TENTH AFFIRMATIVE DEFENSE**

20                               **(Cooperation)**

21        The Complaint, and each claim for relief alleged therein, is barred to the extent plaintiff

22   has failed to cooperate with Munich Re America with respect to the underlying claim identified in

23   the Complaint.

24                        **ELEVENTH AFFIRMATIVE DEFENSE**

25                               **(Late Notice)**

26        The Complaint, and each claim for relief alleged therein, is barred to the extent plaintiff

27   provided late notice of the underlying claim identified in the Complaint.

28

CRAIG & WINKELMAN LLP

1

2                            **TWELFTH AFFIRMATIVE DEFENSE**

3                                  **(Voluntary Payments)**

4        The Complaint, and each claim for relief alleged therein, is barred or reduced to the extent

5    that plaintiff voluntarily paid or agreed to assume an obligation to pay or incurred any expense

6    without notice to and approval from defendant.

7                          **THIRTEENTH AFFIRMATIVE DEFENSE**

8                                       **(Laches)**

9        To the extent that the claims made in the Complaint against defendant are barred in whole

10   or in part by the doctrine of laches, there is no coverage under the reinsurance certificates.

11                        **FOURTEENTH AFFIRMATIVE DEFENSE**

12                                  **(Unclean Hands)**

13       To the extent that the claims made in the Complaint against defendant are barred in whole

14   or in part by the doctrine of unclean hands, there is no coverage under the reinsurance certificates.

15   Accordingly, defendant has no obligations in connection with some or all of the purported claims.

16                         **FIFTEENTH AFFIRMATIVE DEFENSE**

17            **(Breach of Duty of Utmost Good Faith and Fair Dealing)**

18       To the extent plaintiff has breached its duty of utmost good faith owed to defendant, it is

19   not entitled to recover under the reinsurance certificates.

20                         **SIXTEENTH AFFIRMATIVE DEFENSE**

21          **(Failure To Name Necessary and/or Indispensable Parties)**

22       Plaintiff may have failed to serve and/or join all necessary and/or indispensable parties to

23   this action.

24                        **SEVENTEEN AFFIRMATIVE DEFENSE**

25            **(Reservation Of Right To Amend & Supplement)**

26       The Complaint contains insufficient information to permit defendant to raise all

27   appropriate defenses and, therefore, defendant reserves its rights to amend and/or supplement its

28   Answer with additional affirmative defenses.

CRAIG & WINKELMAN LLP

WHEREFORE, defendant Munich Reinsurance America, Inc. prays for judgment as follows:

1.    For a declaration of the parties' rights, duties and obligations out of the contracts identified in the complaint;

2.    For a declaration that Munich Re America has no duty to pay for any alleged amounts under its reinsurance certificates and that Munich Re America has no other obligation to plaintiff;

3.    That plaintiff take nothing by way of its complaint;

4.    For reasonable attorneys' fees and costs of suit incurred herein; and

5.    For such other and further relief as this Court deems just and proper.

DATED: March 17, 2008                    CRAIG & WINKELMAN LLP

By: _____
     Bruce H. Winkelman, Esq.
     Counsel for Defendant
     MUNICH REINSURANCE AMERICA, INC.

MUNICH RE AMERICA'S ANSWER TO COMPLAINT – Case No. C08-1060

CRAIG & WINKELMAN LLP

1

2

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL LOCAL RULE 3-16**

3      PURSUANT TO CIVIL LOCAL RULE 3-16, the undersigned certifies that as of this

4    date, Munich Reinsurance America, Inc. is part of the Munich Re Group.

5

6    –                                    CRAIG & WINKELMAN LLP

7

8    DATED: March 17, 2008          By:  _Bruce H. Winkelman_

9                                         Bruce H. Winkelman, Esq.
                                          Counsel for Defendant
10                                        MUNICH REINSURANCE AMERICA, INC.

11

12

13

14

15                          **DEMAND FOR JURY TRIAL**

16      Munich Reinsurance America, Inc. requests a trial by jury.

17

18    DATED: _March 17, 2008_            CRAIG & WINKELMAN LLP

19

20                                  By:  _Bruce H. Winkelman_

21                                        Bruce H. Winkelman, Esq.
                                          Counsel for Defendant
22                                        MUNICH REINSURANCE AMERICA, INC.

23

24

25

26

27

28

CRAIG & WINKELMAN LLP