Bruce H. Winkelman, Esq. (State Bar No. 124455)
CRAIG & WINKELMAN LLP
2001 Addison Street, Suite 300
Berkeley, California 94704
Telephone:  (510) 549-3330
Facsimile:  (510) 217-5894

Counsel for Defendant
MUNICH REINSURANCE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TALL TREE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>     v.<br><br>MUNICH REINSURANCE AMERICA, INC., formerly known as AMERICAN RE-INSURANCE COMPANY,<br><br>               Defendant. | Case No. CV 08-01060 (MMC)<br><br>**MUNICH REINSURANCE AMERICA, INC.'S RULE 12(c) & 12(h)(3) MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON LACK OF SUBJECT-MATTER JURISDICTION**<br><br>The Hon. Maxine M. Chesney<br><br>Date:     July 25, 2008<br>Time:    9:00 a.m.<br>Ctrm:    7, 19th Floor<br><br>[Complaint Filed:  February 21, 2008] |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Table of Contents

Page

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.     THE ALLEGATIONS OF THE COMPLAINT AND THE
        DECLARATIONS SOUGHT THEREIN . . . . . . . . . . . . . . . . . . . . . . .   2

III.    DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

        A.    Tall Tree Bears the Burden of Proving An Actual
              Controversy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

        B.    The Declaratory Judgment Act Requires the Existence of
              an Actual Controversy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

        C.    The Court Does Not Have Subject-Matter Jurisdiction To
              Make Either Of The Declarations Sought By Tall Tree Since
              There Is No Present, Actual Controversy As Required By The
              Declaratory Judgment Act . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

              1.    There Is No Present, Actual Controversy Necessary To
                    Invest The Court With Subject-Matter Jurisdiction To
                    Declare Tall Tree's Obligations To Its Insured Under Its
                    Excess Policies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

              2.    There Is No Present, Actual Controversy Necessary To
                    Invest The Court With Subject-Matter Jurisdiction To
                    Declare MRAm's Obligations To Tall Tree Under
                    MRAm's Reinsurance Contracts . . . . . . . . . . . . . . . . . . . .   8

IV      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

i

MUNICH REINSURANCE AMERICA'S RULE 12(c) AND 12(h)(3) MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON LACK OF SUBJECT-MATTER JURISDICTION

1

# Table of Authorities

2

Page

3  <u>Cases</u>

4  *Aetna Life Ins. Co. v. Haworth*
5         300 U.S. 227 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 6

6  *American Fidelity & Cas. Co. v. Pennsylvania Threshermen*
7  *& Farmers' Mut. Cas. Ins. Co.*
         280 F.2d 453 (5th Cir. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
8

9  *American States Ins. v. Component Technologies*
         420 F. Supp. 2d 373 (M.D. Pa. 2005) . . . . . . . . . . . . . . . . . . . . . . . .  12
10

11  *Ascherman v. General Reinsurance Corp.*
         183 Cal. App. 3d 307 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
12

13  *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*
         68 F.3d 409 (11th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
14

15  *Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry.*
         938 F.2d 81 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
16

17  *A-Z Intern. v. Phillips*
         323 F.3d 1141 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
18

19  *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.*
         590 F. Supp. 187 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . .  9-11
20

21  *Calderon v. Ashmus*
         523 US 740 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
22

23  *Cardinal Chem. Co. v. Morton Int'l*
         508 U.S. 83 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
24

25  *Carlson v. Reed,*
         249 F.3d 876 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
26

27  *Century Indemnity Co. v. McGillacuty's, Inc.*
         820 F.2d 269 (8th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
28

1
2
*Certain Underwriters at Lloyd's London v. St. Joe Minerals Corp.*
  90 F.3d 671 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

3
4
*Clinton v. Acequia, Inc.*
  94 F.3d 568 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5
6
*Garcia v. Brownell*
  236 F.2d 356 (9th Cir. 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7
8
*Iolab Corp. v. Seaboard Sur. Co.*
  15 F.3d 1500 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 n. 2

9
10
*J.N.S., Inc. v. State of Indiana*
  712 F.2d 303 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11
12
*Laguna Publishing Co. v. Employers Reinsurance Corp.*
  617 F. Supp. 271 (C.D. Cal. 1985) . . . . . . . . . . . . . . . . . . . . . . . . 9

13
14
*Maryland Cas. Co. v. Pacific Coal & Oil Co.*
  312 U.S. 270 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15
16
*Orix Credit Alliance, Inc. v. Wolfe*
  212 F.3d 891 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17
18
*Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*
  850 F.2d 1489 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 n.1, 6

19
20
*Prudential Reinsurance Co. v. Superior Court*
  3 Cal.4th 1118 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21
22
*Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*
  655 F.2d 938 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

23
24
*Thomas v. Union Carbide Agr. Products Co.*
  473 U.S. 568 580 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

25
26
*Tosco Corp. v. Communities for a Better Environment*
  236 F.3d 495 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

27
28
*Travelers Ins. Co. v. Obusek*
  72 F.3d 1148 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MUNICH REINSURANCE AMERICA'S RULE 12(c) AND 12(h)(3) MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON LACK OF SUBJECT-MATTER JURISDICTION

*United Nat. Ins. Co. v. R&D Latex Corp.*
    242 F.3d 1102 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

*Veoh Networks, Inc. v. UMG Recordings, Inc.*
    522 F. Supp. 2d 1265 (S.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . .    10 n.2

**<u>Statutes</u>**

28 U.S.C. Section 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

Cal. Insurance Code § 620 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

Federal Rules of Civil Procedure:

        Rule 12 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 4

        Rule 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 4

1

# I.    INTRODUCTION

Defendant Munich Reinsurance America, Inc. ("MRAm"), f/k/a American Re-Insurance Company, moves pursuant to Fed. R. Civ. P. 12(c) & 12(h)(3), for judgment on the pleadings on the grounds that the Complaint does not allege the existence of an actual controversy necessary to invest the Court with subject-matter jurisdiction to issue either of the two declarations sought by plaintiff The Tall Tree Insurance Company ("Tall Tree").

Tall Tree wants this Court to declare, *as against MRAm*, that Tall Tree is obligated to pay a claim under excess insurance policies Tall Tree issued *to non-party Hewlett-Packard Company* ("HP").[1]  MRAm, however, is not a party to Tall Tree's excess policies.  Rather, MRAm issued *reinsurance* contracts to Tall Tree.  The Court does not have subject-matter jurisdiction to issue this declaration because the Complaint does not allege the existence of an actual controversy as to Tall Tree's obligations under its excess policies since there is no legal relationship between Tall Tree and MRAm under those policies, and Tall Tree did not name HP as a party to this action.  Moreover, if the Court entertained this request for declaratory relief, the Court would need to speculate as to the grounds for HP's claim for coverage under Tall Tree's policies.  In other words, the purported "dispute" is too abstract, illusory and speculative, so that any declaration made by the Court would be an inconclusive advisory opinion, and might not preclude HP from seeking coverage from Tall Tree in another forum if this Court issues a declaration of non-coverage in this action.

---

[1]  Although the Complaint alleges that HP's claim is covered under Tall Tree's excess policies, the Complaint does not explain why Tall Tree has not paid HP's claim.  Given that "[i]n the typical declaratory judgment action, the insurer brings an action against the *insured* to establish nonliability[,]" *Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1491 n.4 (11th Cir. 1988) (emphasis supplied), the facts alleged demonstrate a highly unusual and suspicious situation.

CRAIG & WINKELMAN LLP

Assuming that the Court issues the first declaration sought by Tall Tree, Tall Tree next wants the Court to declare that any payments that Tall Tree *might* make to HP under its excess policies are subject to reimbursement under MRAm's reinsurance contracts.   The Court does not have subject-matter jurisdiction to declare MRAm's obligations to Tall Tree under MRAm's reinsurance agreements because the Complaint does not allege the existence of an "actual controversy" between Tall Tree and MRAm.  This requested declaration is premised on the Court first entering a declaration that Tall Tree is obligated to HP under the terms of the policies Tall Tree issued to HP.   Since the Court does not have subject-matter jurisdiction to make this first and threshold declaration, the predicate for the second declaration sought by Tall Tree fails.  Moreover, Tall Tree does not allege that it has actually made any payment to HP pursuant to its excess policies, or that it is has been adjudged liable to do so.  Therefore, the Complaint does not allege anything that triggers any obligation on the part of MRAm to indemnify Tall Tree under the reinsurance agreements.  Thus, in the absence of actual payment or adjudication between the insurer and insured, there is no "actual controversy" between the insurer and reinsurer.

## II.    THE ALLEGATIONS OF THE COMPLAINT AND THE DECLARATIONS SOUGHT THEREIN

In its Complaint, Tall Tree alleges the following:

1.    HP, a non-party, has been sued in certain actions collectively referred to as the "Starter Cartridge Suits."  (Complaint ("Cmpt.") ¶ 2).

2.    Tall Tree issued two excess liability insurance policies to HP.  (Cmpt. ¶ 12).  According to Tall Tree, "[t]he Policies provide that, subject to a specified retained limit, Tall Tree is obligated to pay the total sum the insured, HP, shall be come legally obligated to pay as damages and for defense costs (as further defined by the term ('Ultimate Net Loss') on account of 'Advertising Liability.'"  (Cmpt. ¶ 13).

CRAIG & WINKELMAN LLP

CRAIG & WINKELMAN LLP

3.    "After HP paid its retained limit in defense of the Starter Cartridge Suits, HP requested that Tall Tree begin to reimburse it for all defense costs incurred pursuant to the Policies issued by Tall Tree." (Cmpt. ¶ 28).

4.    According to Tall Tree, "Tall Tree Believes That It Is Obligated To Reimburse HP For Amounts Incurred To Defend Against The Starter Cartridge Suits[.]" (Cmpt. at 8; heading between ¶¶ 27 & 28).

5.    "Tall Tree contends that . . . there is coverage for the Starter Cartridge Suits under the Policies it issued to HP, giving rise to Tall Tree's obligation to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit[.]" (Cmpt. ¶ 32).

6.    Tall Tree has not paid HP anything under its policies for the Starter Cartridge Suits. (*See* Cmpt. ¶ 5 ("if Tall Tree pays HP")).

7.    MRAm reinsured Tall Tree's policies under two reinsurance agreements. According to Tall Tree, the Reinsurance Agreement reinsuring one of the Tall Tree policies provides: "The Reinsurer agrees to indemnify the Company against losses or damages which the Company is legally obligated to pay with respect to which insurance is afforded during the term of this Certificate under the policy reinsured." (Cmpt. ¶¶ 15-16).

Based on the foregoing allegations, Tall Tree asks the Court to make two declarations, as follows:

1.    "[T]hat there is coverage for the Starter Cartridge Suits under the Policies Tall Tree issued to HP, giving rise to Tall Tree's obligation to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit set forth in the Policies[.]" (Cmpt. at 9, ¶ 1(a)).

3

2.   "[T]hat Tall Tree's coverage obligations under the Policies give rise to Munich Re's obligation under the Reinsurance Agreements to reimburse Tall Tree for the amounts Tall Tree pays to HP in good faith, including any interest that Tall Tree pays to HP for the amounts outstanding[.]"  (Cmpt. at 9-10, ¶ 1(b)).

In other words, Tall Tree wants the Court to declare that there is coverage for the Starter Cartridge Suits under Tall Tree's policies.  Assuming that the Court makes that declaration, Tall Tree then wants to bootstrap that declaration to obtain the additional declaration that MRAm has a duty to reimburse Tall Tree under the reinsurance agreements for any payments Tall Tree *might* make to HP, plus any interest that Tall Tree pays to HP for the amounts outstanding.  As explained below, the Court lacks subject-matter jurisdiction to make either of the two declarations requested by Tall Tree.

# III.  DISCUSSION

## A.   Tall Tree Bears the Burden of Proving An Actual Controversy.

A motion for judgment on the pleadings may be made at any time after the pleadings are closed and need not await discovery.  Fed. R. Civ. P. 12(c); *Carlson v. Reed,* 249 F.3d 876, 878 n.1 (9th Cir. 2001).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P 12(h)(3).  Indeed, Federal Courts are presumed to lack jurisdiction unless the contrary affirmatively appears.  *A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003).  As the party invoking the Court's jurisdiction, Tall Tree bears the burden of proving the necessary jurisdictional facts.  *Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83, 95 (1993); *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001).

CRAIG & WINKELMAN LLP

CRAIG & WINKELMAN LLP

**B.    The Declaratory Judgment Act Requires the Existence of an Actual Controversy.**

Tall Tree seeks a declaration of rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  (Cmpt. ¶ 9).  The Declaratory Judgment Act provides that in "a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Act's "actual controversy" requirement is the same as the "case or controversy" requirement under Article III of the United States Constitution.  *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938, 942 (9th Cir. 1981).  The following standard applies:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . .  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (citations omitted).

While there is no precise test to determine the difference between an actual controversy and an impermissible advisory opinion, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941).  "A litigant must demonstrate an injury which is real, not imaginary; concrete, not abstract; apparent, not illusory; and demonstrable, not speculative.  It is insufficient that an actual controversy may occur in the future; it must presently exist in fact." *J.N.S., Inc. v. State of Indiana,* 712 F.2d 303, 305 (7th Cir. 1983) (citations and internal quotations omitted).

**C.    The Court Does Not Have Subject-Matter Jurisdiction To Make The Two Declarations Sought By Tall Tree Since There Is No Present, Actual Controversy As Required By The Declaratory Judgment Act.**

    **1.    There Is No Present, Actual Controversy Necessary To Invest The Court With Subject-Matter Jurisdiction To Declare Tall Tree's Obligations To Its Insured Under Its Excess Policies.**

      With respect to the first declaration sought, Tall Tree asks the Court to declare "[t]hat there is coverage for the Starter Cartridge Suits under the Policies Tall Tree issued to HP, giving rise to Tall Tree's obligation to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit set forth in the Policies[.]"  (Cmpt. at 9, ¶ 1(a).)  The Court lacks subject-matter jurisdiction to make this declaration because there is no "actual controversy" as to Tall Tree's obligations under its policies, for the following reasons.

      First, Tall Tree cannot obtain a declaration *against MRAm* of Tall Tree's obligations *to HP* under the excess policies because there is no case or controversy necessary to support the Court's exercise of subject-matter jurisdiction since there is no legal relationship between Tall Tree and MRAm under the excess policies. *See, e.g., Provident Life & Acc. Ins. Co v. Transamerica-Occidental Life Ins. Co.*, *supra,* 850 F.2d at 1491 (no case or controversy supporting assertion of subject-matter jurisdiction in action filed by insurer against another insurer seeking declaration of insurers' respective obligations to insured).

      Second, Tall Tree's failure to name its insured HP as a party in this action renders any ruling the Court might make on the excess policies an inconclusive advisory opinion.  *Aetna Life Ins. Co v. Haworth, supra.,* 300 U.S. at 240-241; *Travelers Ins. Co. v. Obusek,* 72 F.3d 1148, 1155 (3d Cir. 1995) ("The declaratory judgment must . . . be conclusive.  That is, the legal status of the parties must be changed or clarified by the declaration").  Tall Tree asks this Court to declare that the excess liability policies Tall Tree issued to HP provide coverage for the Starter

6

Cartridge Suits, and that Tall Tree is contractually obligated to reimburse HP for defense costs in excess of the "specified retained limit." (Cmpt. ¶ 32). Tall Tree's Complaint identifies a single defined term for "advertising injury" and asserts that there is coverage for the Starter Cartridge Suits under that provision. (Cmpt. ¶ 29). Since Tall Tree does not seek a determination of coverage against its insured, HP, any findings and conclusions that the Court might make will be based on speculation about HP's arguments as to why the Starter Cartridge Claims are covered. As such, the alleged "dispute" is too abstract, illusory and speculative, and adjudication of rights and obligations under the excess policies in the absence of the insured would violate the Article III limitation against advisory opinions. *Calderon v. Ashmus,* 523 US 740, 747 (1998); *see also Clinton v. Acequia, Inc.,* 94 F.3d 568, 572 (9th Cir. 1996) ("The basic rationale of Article III ripeness doctrine is to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements" [citations omitted]); *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000).

Moreover, if the Court were to find that there is no coverage under Tall Tree's policies, HP may believe that declaration would not be binding and HP could file an action against Tall Tree in another venue, asserting the same or different coverage theories as those asserted by Tall Tree in this case. Thus, even if this Court were to entertain Tall Tree's request for a declaration of its obligations to HP under Tall Tree's excess policies, the Court's declaration nevertheless would be advisory since HP could potentially assert a new coverage theory in another jurisdiction if it disagreed with the Court's findings in this action. *Thomas v. Union Carbide Agr. Products Co.,* 473 U.S. 568 580, 581 (1985) (claim involved "contingent future events that may not occur as anticipated, or, indeed may not occur at all").[2]

---

[2]    Further, entertaining Tall Tree's request for a declaration of its contractual obligations in the absence of all parties to the contract encourages forum shopping

CRAIG & WINKELMAN LLP

CRAIG & WINKELMAN LLP

2.      **There Is No Present, Actual Controversy Necessary To Invest The Court With Subject-Matter Jurisdiction To Declare MRAm's Obligations To Tall Tree Under MRAm's Reinsurance Contracts.**

With respect to the second declaration sought, Tall Tree asks the Court to declare "[t]hat Tall Tree's coverage obligations under the Policies give rise to Munich Re's obligation under the Reinsurance Agreements to reimburse Tall Tree for the amounts Tall Tree pays to HP in good faith, including any interest that Tall Tree pays to HP for the amounts outstanding[.]"[3]  (Complaint at 9-10, ¶ 1(b).)  The Court lacks subject-matter jurisdiction to make this declaration because there is no "actual controversy" between Tall Tree and MRAm as to MRAm's obligations under its reinsurance contracts, for several reasons.

First, the second declaration sought by Tall Tree is premised on the Court first entering a declaration that Tall Tree is obligated to HP under the terms of the policies Tall Tree issued to HP.  Since the Court does not have subject-matter jurisdiction to make that first and threshold declaration, the predicate for the second declaration sought by Tall Tree fails.

Second, the Complaint does not allege that Tall Tree has paid anything to HP that could potentially trigger any obligation that MRAm might have to indemnify Tall Tree under the reinsurance agreements.  Tall Tree's relationship with MRAm is that of a ceding carrier under a reinsurance contract.  Reinsurance is a contract "by which an insurer procures a third person to insure him against loss or liability by reason of such original insurance."  Cal. Insurance Code § 620.  "A reinsurance contract is presumed to be a *contract of indemnity* for the benefit of the insurance

_____

if the insured disagrees with this Court's decision.  *See United Nat. Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1114 (9th Cir. 2001) (district courts should discourage litigants from filing declaratory actions as means of forum shopping).

[3]   Tall Tree's request that the Court declare that MRAm is obligated to pay interest on amounts that Tall Tree contends it is obligated to pay, but has not paid, is particularly odd and nonsensical.

8

company; the original insured has no interest in it." *Ascherman v. General Reinsurance Corp.*, 183 Cal. App. 3d 307, 311 (1986). Thus, the insurance company (Tall Tree) must first pay the insured based on the terms of the contract between the insurance company and the insured and then the insurance company seeks payment from the reinsurance company (MRAm). *Id.* at 312, n.5; *see also, Prudential Reinsurance Co. v. Superior Court*, 3 Cal. 4th 1118, 1123 (1992) ("A reinsurance agreement is one by which the reinsurer indemnifies the ceding company for losses paid.").

In the absence of actual payment by the ceding insurer (Tall Tree) or an adjudication between that insurer and its insured (HP) holding the insurer (Tall Tree) liable to pay, no actual controversy exists between the ceding insurer (Tall Tree) and its reinsurer (MRAm). *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.*, 590 F. Supp. 187 (S.D.N.Y. 1984) (dismissing reinsurers' declaratory judgment action where direct insurance liability remained pending and unresolved in action between insurer and insured); *see also Certain Underwriters at Lloyd's London v. St. Joe Minerals Corp.,* 90 F.3d 671, 675-76 (2d Cir. 1996) (affirming dismissal of excess insurers' declaratory judgment action where litigation between insured party and primary insurer was pending; *Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry.,* 938 F.2d 81, 84 (7th Cir. 1991) (excess liability insurers' declaratory judgment action against insured did not present an actual controversy where substantial uncertainty that insured's liability based on occurrences within insurers' policy year); *Century Indemnity Co. v. McGillacuty's, Inc.,* 820 F.2d 269 (8th Cir. 1987) (excess insurer not entitled to declaration that its policy did not provide coverage after primary insurer had gone into receivership and when no judgment had been entered in underlying action against insured); *Laguna Publishing Co. v. Employers Reinsurance Corp.*, 617 F. Supp. 271, 273 (C.D. Cal. 1985) (third-party claimant not entitled to declaration that excess insurer's policy covered claim against insured before liability under primary policy was settled

9

CRAIG & WINKELMAN LLP

CRAIG & WINKELMAN LLP

1    pursuant to California law); *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.,* 68

2    F.3d 409, 415 (11th Cir. 1995) (dismissing action to determine insurers' liability for

3    environmental clean-up costs where no such costs incurred).

4        Tall Tree has not alleged any payment that could potentially trigger MRAm's

5    indemnity obligations under the reinsurance agreements. Nor has Tall Tree alleged

6    that it is subject to a binding judicial determination that it is legally obligated to pay

7    HP.[4] Tall Tree attempts to litigate those issues against its reinsurer in the insured's

8    absence, speculating as to the legal theories the insured *might* advance, and

9    assuming that the insured would have otherwise complied with the excess liability

10    policies' terms and conditions.

11        Tall Tree's action is nothing more than an invitation to the Court to issue an

12    advisory opinion on an issue that may never develop into a controversy between the

13    parties. The Complaint raises no justiciable issues. *Bellefonte, supra.,* 590 F. Supp.

14    at 191. ("In short, a controversy is justiciable under the Act only if it presents the

15    plaintiff with a present danger or dilemma, and not a danger or dilemma which is

16    contingent upon the happening of certain future or hypothetical events."). Federal

17    courts are precluded from rendering advisory opinions, "[r]ather, for adjudication of

18    issues in federal court, concrete legal issues, presented in actual cases, not

19

---

20      [4] Indeed, Tall Tree does not even allege whether the primary insurance

21    beneath its layer paid, was obligated to pay, or properly denied coverage (and the reasons why denial was proper). *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500,

22    1504 (9th Cir. 1994) (under California law, all primary insurance must exhaust before liability attaches under an excess policy). Nor does Tall Tree allege that HP

23    made a timely or proper claim for coverage, or even the amount owed. Rather, Tall

24    Tree merely alleges that HP's defense costs exceeded Tall Tree's retained limit (Cmpt. ¶ 27) and that HP "requested" Tall Tree begin reimbursing it for "all

25    defense costs" (Cmpt. ¶ 28). Thus, the Complaint fails to allege facts sufficient to

26    establish an actual controversy. "The disagreement must not be nebulous or contingent, but must have taken on a fixed and final shape so that a court can see

27    what legal issues it is deciding and what effects its decision will have on the adversaries." *Veoh Networks, Inc. v. UMG Recordings, Inc.,* 522 F. Supp. 2d 1265,

28    1269 (S.D. Cal. 2007).

1    abstractions are requisite.  This is true of declaratory judgments as any other field."

2    *Id.*

3        Nor may Tall Tree manufacture a dispute with its reinsurer on the grounds

4    that they may have adverse positions at some future date.  This is precisely the

5    holding in *Bellefonte* where the reinsurers, concerned that a settlement of a pending

6    suit between ceding company and its insured would substantially increase their

7    reinsurance risks, brought a declaratory judgment action against the ceding

8    company to determine "all rights and obligations under the reinsurance contracts."

9    The court held that the reinsurers could not obtain a judgment regarding their

10   potential liability to reimburse the ceding company for excess costs until a

11   determination was made that the ceding company was required to pay such costs as

12   "the reinsures may not litigate the issues which may never arise in fact or affect

13   them to their disadvantage." *Id.* at 192.

14       In *Bellefonte*, the determination of whether the reinsurers' liability would

15   increase depended upon the application of competing "occurrence" theories. *Id*.  If

16   the court applied the insurer's occurrence theory, then the reinsurers would not have

17   been liable for any additional sums.  However, if the court applied the insured's

18   occurrence theory, the insurer would have to separately sue the reinsurers for the

19   excess costs.  *Bellefonte* held that the reinsurers and ceding insurer did not have a

20   present dispute sufficient to give rise to an actual controversy until the underlying

21   claim between the ceding carrier and its insured was resolved.  In the absence of

22   that resolution, the potential dispute between the reinsurers and the ceding insurer

23   was insufficient to give rise to a real and substantial controversy that was not an

24   advisory opinion based on hypothetical facts.

25       Tall Tree's request for multiple declarations is an attempt to bootstrap a

26   justiciable controversy where one does not exist.  Tall Tree cannot define its

27   claimed dispute with MRAm without requiring this Court to presume a number of

28   hypothetical events and facts that are contingent on HP's ultimate coverage claim

CRAIG & WINKELMAN LLP

and Tall Tree's resolution of that claim.  *See American States Ins. v. Component Technologies,* 420 F. Supp. 2d 373, 375 (M.D. Pa. 2005) ("Plaintiff's suit requires that we discern the extent of its duty under an insurance contract to indemnify Defendants for liabilities.  The extent of its duty to indemnify, however, depends on the extent of the liabilities that at present are merely hypothetical.  Thus, our ruling would not be conclusive.").

Tall Tree only alleges a potential dispute with MRAm that may arise at some undetermined date *if and when* Tall Tree pays HP's claim or obtains a binding declaration of its obligations to HP under its excess policies.  Tall Tree does not allege that HP has complied with its policies' terms and conditions, nor does Tall Tree properly set forth *all* the policies' terms and conditions that are required to allow the Court to determine coverage.  While it might be an intriguing question whether the facts presented in the underlying Starter Cartridge Suits satisfy one revised definition of "advertising injury," the answer to that question does not fully resolve the coverage issues applicable to Tall Tree's excess policies.  It is "not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may be readily unargued, but may never in fact come to pass."  *American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.,* 280 F.2d 453, 461 (5th Cir. 1960).  The mere possibility or even probability of future adverse effects does not create an "actual controversy."  *See Garcia v. Brownell,* 236 F.2d 356, 358 (9th Cir. 1956).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CRAIG & WINKELMAN LLP

# IV.  CONCLUSION

For the reasons set forth, Munich Reinsurance America respectfully requests that the Court dismiss this action with prejudice for lack of subject-matter jurisdiction.

DATED:  June 20, 2008          CRAIG & WINKELMAN LLP


By: _____
          Bruce H. Winkelman, Esq.
          Counsel for Defendant
          MUNICH REINSURANCE AMERICA, INC.