UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TALL TREE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MUNICH REINSURANCE AMERICA, INC., formerly known as AMERICAN RE-INSURANCE COMPANY,<br><br>    Defendant. | Case No. CV 08-01060 (MMC)<br><br>**[PROPOSED] ORDER RE MUNICH REINSURANCE AMERICA, INC.'S RULE 12(c) & 12(h)(3) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>The Hon. Maxine M. Chesney<br><br>Date:    July 25, 2008<br>Time:   9:00 a.m.<br>Ctrm:   7, 19th Floor<br><br>[Complaint Filed:  February 21, 2008] |

    This matter having come regularly before this court and hearing held on July 25, 2008 where the following parties were present:  Plaintiff, The Tall Tree Insurance Company and Defendant Munich Reinsurance America, Inc.

    THE COURT, having received and reviewed the motion, oppositions, replies and all documents submitted in support thereof by the parties; having heard the oral arguments of counsel for all parties,

1

**[Proposed] ORDER RE MUNICH REINSURANCE AMERICA, INC.'S RULE 12(c) & 12(h)(3) MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON LACK OF SUBJECT-MATTER JURISDICTION**

HEREBY FINDS, ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

The Complaint does not allege the existence of an actual controversy necessary to invest the Court with subject-matter jurisdiction to issue either of the two declarations sought by Plaintiff. Plaintiff alleges that it has not made a payment to its insured Hewlett-Packard Company for the claims asserted in the Complaint. In the absence of actual payment by the Plaintiff to its insured Hewlett-Packard, or an adjudication between that Tall Tree and its insured holding Tall Tree liable to pay, no actual controversy exists between the plaintiff Tall Tree and its reinsurer, defendant Munich Re America. *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.*, 590 F. Supp. 187 (S.D.N.Y. 1984).

The Court concludes that plaintiff's complaint fails to allege an "actual controversy" as required under the Declaratory Judgment Act, 28 U.S.C.§ 2201. The declaratory judgments sought by plaintiff are not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941); *Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489 (11th Cir. 1988)

As the Court lacks subject-matter jurisdiction, Defendant's motion is Granted and the Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:

_____
Maxine M. Chesney
Judge, United States District Court