DAVID B. GOODWIN (State Bar No. 104469)
dgoodwin@cov.com
MARGARET D. WILKINSON (State Bar No. 244965)
mwilkinson@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111
Telephone:    (415) 591-6000
Facsimile:     (415) 591-6091

Attorneys for Plaintiff
THE TALL TREE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TALL TREE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>MUNICH REINSURANCE AMERICA, INC., formerly known as AMERICAN RE-INSURANCE COMPANY,<br><br>   Defendant | Case No. CV 08-01060 (MMC)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF MUNICH REINSURANCE FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  August 1, 2008<br>Time:  9:00 a.m.<br>Courtroom 19 |

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................... 2

    A.     HP's Insurance Program ......................................................................... 2

    B.     The Reinsurance Agreements: Munich Re's Reinsurance of Tall
        Tree's Liability to HP ............................................................................. 3

    C.     The "Starter Cartridge Suits" Against HP ............................................. 4

    D.     Tall Tree's Obligation to Reimburse HP's Defense Costs and
        Munich Re's Denial of Its Obligation to Reimburse Tall Tree ................. 4

III.   ARGUMENT ...................................................................................................... 5

    A.     Legal Standards Governing Motion for Judgment on the
        Pleadings Based on Lack of Subject Matter Jurisdiction ........................ 5

    B.     An "Actual Controversy" Sufficient to Invest This Court with
        Jurisdiction to Consider Tall Tree's Claims for Relief Exists Here ........... 5

        1.     The Legal Standards Governing the Existence of an
            "Actual Controversy" Under the Declaratory Judgment
            Act ................................................................................................ 6

        2.     Tall Tree Has Pleaded an Actual Controversy Sufficient to
            Invest this Court with Subject Matter Jurisdiction Over
            Tall Tree's Claims for Declaratory Relief ..................................... 7

            a)     The Dispute Between Tall Tree And Munich Re
                Concerning Munich Re's Coverage Obligations to
                Tall Tree Is an "Actual Controversy" ..................................... 8

            b)     Tall Tree's First Requested Declaration Would
                Resolve a Dispute Between Tall Tree and Munich Re,
                Making It an Appropriate Request for Relief in This
                Action ................................................................................... 11

        3.     At a Minimum, the Court Should Grant Leave to Amend ............. 13

IV.    CONCLUSION ................................................................................................. 13

1
2
3

# TABLE OF AUTHORITIES

4
5

**Page(s)**

**CASES**

6
7

*United Food & Commercial Workers Local Union Nos. 137, 324,770, 899, 905,*
   *1167, 1222, 1428, & 1442 v. Food Employees Council, Inc.,*
   827 F.2d 519 (9th Cir. 1987) ....................................................................................... 7

8
9

*Aetna Life Ins. Co. v. Haworth,*
   300 U.S. 227 (1937).................................................................................... 1, 6, 7,8

10

*Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir. 1937) ................................ 7

11
12

*Allendale Mut. Ins. Co. v. Kaiser Eng'rs, Div. of Henry J. Kaiser Co.,*
   804 F.2d 592 (10th Cir. 1986) ....................................................................................... 9

13
14

*Am. Bankers Ins. Co. v. Northwestern Nat'l Ins. Co.,*
   198 F.3d 1332 (11th Cir. 1999) ..................................................................................... 1

15

*Am. States Ins. Co. v. Kearns,*
   15 F.3d 142 (9th Cir. 1994) ......................................................................................... 1

16
17

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.,*
   68 F.3d 409 (11th Cir. 1995) ..................................................................................... 11

18
19

*Atlanta Int'l Ins. Co. v. Atchison, T. and S.F. Ry.,*
   938 F.2d 681 (7th Cir. 1991) ..................................................................................... 11

20
21

*Bankers Trust Co. v. Old Republic Ins. Co.,*
   959 F.2d 677 (7th Cir. 1992) ................................................................................ 9, 10

22

*Bellefonte Reins. Co. v. Aetna Cas. & Sur. Co.,*
   590 F. Supp. 187 (S.D.N.Y. 1984) ............................................................................ 10

23
24

*British Ins. Co. of Cayman. v. Safety Nat'l Cas Corp.,*
   335 F.3d 205 (3d Cir. 2003) ......................................................................................... 1

25
26

*Brown v. Rumsfeld,*
   211 F.R.D. 601 (N.D. Cal. 2002)................................................................................ 13

27
28

*Cahill v. Liberty Mutual Insurance Co.,*
   80 F.3d 336 (9th Cir. 1996) ......................................................................................... 3

ii

*Century Indem. Co. v. McGillacuty's Inc.*,
  820 F.2d 269 (8th Cir. 1987) ................................................................ 11

*Certain Underwriters at Lloyd's London v. St. Joe Minerals Corp.*,
  90 F.3d 671 (2d Cir. 1996) .................................................................. 11

*Christiania Gen. Ins. Corp. v. Great Am. Ins. Co.*,
  979 F.2d 268 (2d Cir. 1992) .................................................................. 1

*Colonial Am. Life Ins. Co. v. Comm'r*,
  491 U.S. 244 (1989) .......................................................................... 1, 2

*Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*,
  873 F.2d 229 (9th Cir. 1989) ............................................................ 9, 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1990) ............................................................... 5

*Ins. Co. of Pa. v. Associated Int'l Ins. Co.*,
  922 F.2d 516 (9th Cir. 1991) ................................................................ 1

*Laguna Publ'g Co. v. Employers Reins. Corp.*,
  617 F. Supp. 271 (C.D. Cal. 1985) ....................................................... 11

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
  312 U.S. 270 (1941) .......................................................................... 1, 6

*Metro. Transp. Comm'n v. Motorola, Inc.*,
  No. C-06-2302, 2007 WL 323244 (N.D. Cal. Jan. 31, 2007) ..................... 5

*NBA v. SDC Basketball Club, Inc.*,
  815 F.2d 562 (9th Cir. 1987) ................................................................ 6

*Newcal Indus., Inc. v. IKON Office Solution*,
  513 F.3d 1038 (9th Cir. 2008) .............................................................. 7

*O'Bannon v. Friedman's, Inc.*,
  437 F. Supp. 2d 490 (D. Md. 2006) ........................................................ 7

*Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*,
  850 F.2d 1489 (11th Cir. 1988) ........................................................... 12

*Riehl v. Travelers Ins. Co.*,
  772 F.2d 19 (3d Cir. 1985) ................................................................... 8

*Sec. Mut. Cas. Co. v. Century Cas. Co.*,
  531 F.2d 974 (10th Cir. 1976) ............................................................... 1

*Société de Conditionnement en Aluminium v. Hunter Eng'g Co.*,
    655 F.2d 938 (9th Cir. 1981) ........................................................................ 6

*Spivey Co. v. Travelers Ins. Cos.*,
    407 F. Supp. 916 (E.D. Pa. 1976) ............................................................... 8

*Travelers Ins. Co. v. Obusek*,
    72 F.3d 1148, 1155 (3d Cir. 1995) ............................................................ 13

*Unigard Sec. Ins. Co. v. N. River Ins. Co.*,
    4 F.3d 1049 (2d Cir. 1993) ........................................................................ 1

*United States v. Webb*,
    655 F.2d 977, 979 (9th Cir. 1981) ............................................................ 13

*Ventress v. Japan Airlines*,
    486 F.3d 1111 (9th Cir. 2007) ................................................................... 5

*Zenith Ins. Co v. Employers Ins. of Wasau*,
    141 F.3d 300 (7th Cir. 1998) ...................................................................... 1


**STATUTES**

28 U.S.C. § 2201(a) ......................................................................................... 6

Cal. Ins. Code § 620 ....................................................................................... 1


**OTHER AUTHORITIES**

Charles Alan Wright, *Law of Federal Courts* (4th ed. 1983) ........................... 7

Federal Rule of Civil Procedure 15(a) ........................................................... 13

*Cal. Ins. Law Handbook* (rev. ed. 2007) ......................................................... 3

## I.    INTRODUCTION

More than 70 years ago, the United States Supreme Court held that the federal courts have jurisdiction to issue declaratory relief in a dispute between an insurance policyholder and its insurer if the policyholder has submitted an insurance claim and the insurer has denied coverage. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937). As the Ninth Circuit subsequently explained, if the insurer has denied coverage, a court can issue a declaration of the parties rights and obligations in the liability insurance context even if the policyholder is not yet liable in the underlying proceeding, and thus has not yet suffered a loss. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941).

Insurance companies buy insurance too. That type of insurance – insurance that backs the insurer's obligations to its policyholder and thereby spreads the risks of losses – is called "reinsurance." *See* Cal. Ins. Code § 620 ("A contract of reinsurance is one by which an insurer procures a third person to insure him against loss or liability by reason of such original insurance."); *see generally Colonial Am. Life Ins. Co. v. Comm'r*, 491 U.S. 244, 247 (1989). When an insurance carrier is the policyholder in a contract of reinsurance and seeks coverage from a recalcitrant reinsurer, the same rules that apply to declaratory relief actions involving other types of insurance govern. For that reason, federal courts entertain declaratory relief actions to determine a reinsurer's rights and duties when a reinsurer denies coverage for a claim by an insurer that has purchased a policy of reinsurance.[1]

---

[1] *See, e.g.*, *British Ins. Co. of Cayman. v. Safety Nat'l Cas Corp.*, 335 F.3d 205 (3d Cir. 2003); *Am. Bankers Ins. Co. v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332 (11th Cir. 1999); *Zenith Ins. Co v. Employers Ins. of Wausau*, 141 F.3d 300 (7th Cir. 1998); *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 4 F.3d 1049 (2d Cir. 1993); *Christiania Gen. Ins. Corp. v. Great Am. Ins. Co.*, 979 F.2d 268 (2d Cir. 1992); *Ins. Co. of State if Pa. v. Associated Int'l Ins. Co.*, 922 F.2d 516 (9th Cir. 1991); *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 531 F.2d 974 (10th Cir. 1976).

Ignoring this established law and without citing any apposite authority whatsoever, defendant Munich Reinsurance America ("Munich Re") asks the Court to enter judgment on the pleadings on the ground that its denial of coverage to its policyholder, plaintiff Tall Tree Insurance Company ("Tall Tree"), is insufficient to create an "actual controversy" under the Declaratory Judgment Act ("Act").  Munich Re so argues even though: (a) Tall Tree's insured, Hewlett-Packard ("HP"), has suffered a loss of sufficient magnitude to trigger Tall Tree's coverage; (b) Tall Tree has admitted coverage for the portion of HP's claim that exceeds the attachment point of the Tall Tree coverage; (c) Tall Tree is ready and willing to pay the claim; but (d) Munich Re has unequivocally denied coverage; and (e) Munich Re did so solely on the ground that Munich Re does not believe that Tall Tree should pay HP's claim.

The Court should deny this motion.  As we show, a declaration of an insurer's rights and obligations to its policyholder after the insurer has denied coverage (or of a reinsurer's rights and obligations to its reinsured after the reinsurer has denied coverage) is the very type of dispute that the Act confers jurisdiction on this Court to address. Under long-established law, Munich Re's denial of coverage to Tall Tree has created an "actual controversy" over which this Court has subject matter jurisdiction.

## II.    FACTUAL BACKGROUND

### A.    HP's Insurance Program

During the years that are relevant to this insurance dispute (1999-2002), Tall Tree issued two excess liability insurance policies to HP:  (a) Policy No. 470-ILX0002-E, with a policy period of September 30, 1999 to September 30, 2000, and (b) Policy No. 470-ILX0002-F, with a policy period of September 30, 2000 to September 30, 2002 (collectively, the "HP Policies").  Complaint ("Compl.") ¶ 12.  For purposes of the "Advertising Injury" claims that underlie this case, the HP Policies provide coverage in excess of a specific retained limit.  *Id.* ¶ 13.

**B.     The Reinsurance Agreements: Munich Re's Reinsurance of Tall Tree's Liability to HP**

Tall Tree, in turn, spread its risks by purchasing "facultative reinsurance" – that is, reinsurance that "is negotiated . . . for a particular policy or insured," *see* John K. DiMugno & Paul E.B. Glad, *Cal. Ins. Law Handbook* 1860 (rev. ed. 2007) – from Munich Re.  *See* Compl. ¶ 15.

As part of the process of underwriting the reinsurance agreements with Tall Tree ("Reinsurance Agreements"), Munich Re negotiated directly with HP to set the definition of "Advertising Liability" in Tall Tree Policy No. 470-ILX0002-E.  *Id.* ¶¶ 18-24.  Tall Tree agreed in that insurance policy to pay HP's "Ultimate Net Loss," which the policy defined to include defense costs, on account of "Advertising Liability."  *Id.* ¶ 13.  Munich Re also agreed that Tall Tree could broaden the definition of "Advertising Liability" in the wake of the Ninth Circuit's decision in *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336 (9th Cir. 1996), which gave a restrictive interpretation to the standard definition that term.  Thus, instead of using the relatively narrow "Advertising Injury" language that the Ninth Circuit had construed in *Cahill*, the HP Policies use a very broad definition of the term, which includes coverage for "injury arising from a third party's reliance upon the content of material disseminated by [HP] or with their permission."  Compl. ¶ 14.  Munich Re also agreed to reinsure the Tall Tree renewal policy, No. 470-ILX0002-F, on the same terms.  *See id.* ¶ 24.

Munich Re then issued facultative reinsurance policies to Tall Tree.  In one reinsurance contract, Munich Re agreed "to indemnify [Tall Tree] against losses or damages which [Tall Tree] is legally obligated to pay . . . ."  *Id.* ¶ 16.  In the second, Munich Re promised that its "liability [to Tall Tree] . . . shall follow that of [the insurance policies that Tall Tree issued to HP], and shall be subject in all respects to all of the terms, conditions, limit(s), general and special stipulations, clauses, modifications and pre-loss waivers of [Policy No. 470-ILX0002-F].  [Munich Re] shall, in every claim

to which this Agreement applies involving amounts that the Reinsured is legally obligated to pay . . . follow the fortunes of [Tall Tree] . . . ." *Id.* ¶ 17.

## C.    The "Starter Cartridge Suits" Against HP

Beginning in 2000, HP was named as a defendant in several class action lawsuits (the "Starter Cartridge Suits") in which plaintiffs alleged that HP had engaged in unfair and deceptive advertising practices through its marketing and sale of printers that were advertised to include a printer cartridge, but in fact had a printer cartridge that contained less ink than a standard cartridge. *Id.* ¶ 26. The suits alleged, among other things, that third parties had detrimentally relied upon HP's advertising concerning the cartridges. *Id.*

HP successfully resolved all of the suits through either *di minimis* settlements or adjudications in its favor. *Id.* ¶ 27. However, the cost of defending all of the class action lawsuits was quite high, and HP incurred defense costs well above the retained limit in the HP Policies. *Id.*

## D.    Tall Tree's Obligation to Reimburse HP's Defense Costs and Munich Re's Denial of Its Obligation to Reimburse Tall Tree

HP tendered the Starter Cartridges Suits to Tall Tree, and Tall Tree, in turn, gave notice of the lawsuits to its reinsurer, Munich Re. *Id.* ¶¶ 4, 28-29. HP asked Tall Tree to indemnify HP for the portion of the defense costs that exceeded the policies' retained limit. *Id.* ¶ 28. Tall Tree concluded that the broad language of the HP Policies encompasses the claim and that Tall Tree therefore had a duty to reimburse HP for the latter's loss. However, before paying the claim, Tall Tree asked Munich Re to confirm that reinsurance would be available for any such payments and that Munich Re would reimburse Tall Tree for the amounts that Tall Tree pays to HP in good faith. *Id.* ¶ 29. But Munich Re denied that it has any obligation to Tall Tree, asserting that the HP Policies do not provide coverage for the defense costs that HP seeks and, therefore, that Munich Re has no obligation at all to reimburse Tall Tree. *Id.* ¶ 30.

This lawsuit followed.

## III.    ARGUMENT

### A.    Legal Standards Governing Motion for Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction

Munich Re faces a very heavy burden in this motion for judgment on the pleadings. As the Ninth Circuit has explained, judgment on the pleadings is not appropriate unless, "taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (a court must deny a motion for judgment on the pleadings unless "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law"). Also, as this Court has noted, in the event a motion for judgment on the pleadings is granted, "a district court should afford the non-prevailing party the opportunity to amend its pleading, unless leave to amend would be futile." *Metro. Transp. Comm'n v. Motorola, Inc.*, No. C-06-2302, 2007 WL 323244, at *11 (N.D. Cal. Jan. 31, 2007).

### B.    An "Actual Controversy" Sufficient to Invest This Court with Jurisdiction to Consider Tall Tree's Claims for Relief Exists Here

Munich Re makes two principal arguments, which demonstrate its misunderstanding of the scope of subject matter jurisdiction under the Declaratory Judgment Act. First, Munich Re asserts that this Court cannot issue declaratory relief concerning Munich Re's obligations under the reinsurance contracts because Tall Tree has not yet paid HP's claim or been adjudged liable to HP. Defendants' Motion for Judgment on the Pleadings ("Mot.") 9. As we show, however, a court has jurisdiction to issue declaratory relief in an insurance case before the insurance policyholder's liability is fixed. Munich Re's denial of coverage to Tall Tree creates an actual controversy which Tall Tree may seek declaratory relief to resolve. Second, Munich Re claims that a declaration of Tall Tree's coverage obligation to HP is improper in this action because Munich Re is not a party to the insurance contract between Tall Tree and HP. *See id.* at

6.  This argument also fails.  Munich Re denied coverage to Tall Tree on the ground that Tall Tree does not provide coverage for HP's claim; and the resolution of Munich Re's legal obligation to Tall Tree depends upon the resolution of Tall Tree's legal obligation to HP.  Thus, this Court has jurisdiction to consider both of the declarations Tall Tree seeks.   We address these issues in turn below.

### 1.    The Legal Standards Governing the Existence of an "Actual Controversy" Under the Declaratory Judgment Act

The Act provides that in a case presenting an "actual controversy," the district court may declare the "rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Act's "actual controversy" requirement is the same as Article III's "case or controversy" requirement, so "the Act requires no more stringent showing of justiciability than the Constitution does."  *Société de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981).  In determining whether an actual controversy exists, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Pacific Coal*, 312 U.S. at 273; *NBA v. SDC Basketball Club, Inc.*, 815 F.2d 562, 565 (9th Cir. 1987).  "Where there is . . . a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages."  *Haworth*, 300 U.S. at 241.

As applied to contract disputes like the one at issue here, the Act permits the federal courts to issue a declaration of a contracting party's rights and obligations even before performance is due or the contract has been breached.  As the Ninth Circuit put it, the Act "'permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid multiplicity of actions by affording

an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants.'" *United Food & Commercial Workers Local Union Nos. 137, 324, 770, 899, 905, 1167, 1222, 1428, & 1442 v. Food Employees Council, Inc.*, 827 F.2d 519, 524 (9th Cir. 1987) (citation omitted); *see also O'Bannon v. Friedman's, Inc.*, 437 F. Supp. 2d 490, 495 (D. Md. 2006) (the Act "should be liberally construed to accomplish its intended purposes, those being 'to afford a speedy and inexpensive method of adjudicating legal disputes . . . and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships'") (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).  Declaratory relief thus is available whenever such relief would "'clarify or settle the legal relations in issue'" or "'afford relief from the uncertainty faced by the parties.'" *Newcal Indus., Inc. v. IKON Office Solution*, 513 F.3d 1038, 1057 (9th Cir. 2008) (citation omitted), *petition for cert pending*.

Litigation addressing whether a contract of insurance provides coverage thus is a classic example of a dispute that is appropriate for declaratory relief.  *See Haworth*, 300 U.S. at 241; Charles Alan Wright, *Law of Federal Courts* 672 (4th ed. 1983) ("Declaratory judgments are probably sought most often in insurance and patent litigation").

> **2.    Tall Tree Has Pleaded an Actual Controversy Sufficient to Invest this Court with Subject Matter Jurisdiction Over Tall Tree's Claims for Declaratory Relief**

Because declaratory relief actions are appropriate to resolve insurance disputes, no question exists that an insurer may sue its reinsurer for declaratory relief to establish the extent of the reinsurer's duty to indemnify the insurer.  Although the widespread use of mandatory arbitration clauses in reinsurance contracts has limited the extent of reported reinsurance litigation, a search of the reinsurance cases that have reached the federal courts reveals many instances of declaratory relief actions arising out of disputes between an insurer and its reinsurer.  *See*, for example, the cases cited in footnote 1 *supra*.  Yet Munich Re never tells the Court about any of these cases.  And it never

addresses the fact that HP's claim for coverage from Tall Tree, Tall Tree's request for

coverage from Munich Re, and Munich Re's ensuing denial of coverage to Tall Tree

establish the existence of an actual controversy that this Court may resolve.

a)    **The Dispute Between Tall Tree And Munich Re Concerning Munich Re's Coverage Obligations to Tall Tree Is an "Actual Controversy"**

As noted, "[t]he extent of an insurer's liability concerning insurance coverage

may properly be resolved in a declaratory judgment action."  *Spivey Co. v. Travelers Ins.

Cos.*, 407 F. Supp. 916, 918 (E.D. Pa. 1976) (citing *Haworth*, 300 U.S. 227).  In the

insurance context, a declaratory relief action may require a court to "decide a case based

on events that have not yet and may not occur," but such an action is justiciable "[w]here

. . . the essential facts establishing a right to relief . . . have already occurred."  *Riehl v.

Travelers Ins. Co.*, 772 F.2d 19, 22 (3d Cir. 1985).

Here, all of the facts necessary to establish Munich Re's obligation to reimburse

Tall Tree have occurred.  HP has settled or won all of the Starter Cartridge Suits, fixing

the amount of the loss for which it seeks coverage from Tall Tree.  The amount of the

loss exceeds the retained limit underlying the HP Policies and thereby triggers Tall

Tree's coverage.[2]  HP has requested reimbursement for this loss from Tall Tree, and Tall

Tree has admitted coverage.  In turn, Tall Tree has asked Munich Re to acknowledge

coverage for the sums that Tall Tree pays to HP.  But Munich Re has denied coverage.

Compl. ¶¶ 4-5, 29-30.  Thus, Tall Tree requests resolution of a straightforward legal

controversy "of sufficient and immediate reality": whether Munich Re must provide

reinsurance to Tall Tree equal to the amount of HP's defense costs that Tall Tree is liable

to pay under the HP Policies.  *Id.* ¶¶ 28-30.

---

[2] Because, on a motion for judgment on the pleadings, the Court must accept all of the plaintiffs allegations as true, this allegation (in paragraph 27 of the Complaint) eliminates Munich Re's argument in its moving papers (*see* Mot. at 10 n. 4) that HP's claim is of insufficient magnitude to reach Tall Tree's coverage.

1    That Tall Tree has not yet paid HP and that its liability to HP has not been

2    adjudicated by a court does not affect the result.  In the insurance context, "[t]he

3    contingent nature of the right or obligation in controversy will not bar a litigant from

4    seeking declaratory relief when the circumstances reveal a need for present

5    adjudication."  *Allendale Mut. Ins. Co. v. Kaiser Eng'rs, Div. of Henry J. Kaiser Co.*,

6    804 F.2d 592, 594 (10th Cir. 1986) (quoted with approval in *Eureka Fed. Sav. & Loan*

7    *Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 232 (9th Cir. 1989)).  Whether an actual

8    controversy exists when an action to determine an insurer's liability is brought before a

9    determination of the insured's liability to a third party is a question "of degree."  *Bankers*

10   *Trust Co.  v. Old Republic Ins. Co.*,  959 F.2d 677, 680-81 (7th Cir. 1992); *see also id.* at

11   680 (noting that in *Eureka*, the Ninth Circuit took the "more liberal view" that the

12   determination of an insured's liability is not required before an action to determine the

13   insurer's liability).  In *Bankers Trust*, an injured third party sued the insured tortfeasor's

14   excess insurer for a declaration that if the third party prevailed in its underlying lawsuit

15   against the insured, the insurer had to indemnify the insured up to the policy limits.  *Id.*

16   at 679-80.  While it was possible that the declaratory relief action could become moot

17   depending on the outcome of the underlying suit, the court found that third party's

18   "probabilistic injury" supported subject matter jurisdiction.  *Id.* at 680-81.  The chance of

19   the third party winning a sufficient judgment against the insured "[was not] so slight that

20   [the third party] ha[d] nothing practical at stake in this case.  Were there only a 10

21   percent chance of its obtaining [such a] judgment . . . the actuarial value of its claim

22   against [the insurer] would still be substantial."  *Id.* at 681.  Because the excess insurer

23   might become liable to the third party, the court concluded an actual controversy existed

24   over which the court had jurisdiction.  *See id.* at 680-81.

25   Here, the probability that Tall Tree will become liable to HP, triggering Munich

26   Re's liability to Tall Tree, is much stronger than the probabilities that the Seventh

27   Circuit noted in *Bankers Trust*.  Tall Tree alleges such liability; and on a motion for

28   judgment on the pleadings, that allegation must be accepted as true.  As the Complaint

PLAINTIFF'S OPPOSITION TO MOTION OF MUNICH                    9
REINSURANCE FOR JUDGMENT ON THE PLEADINGS
Case No. CV 08-01060 (MMC)

1   alleges, HP has made a claim for coverage to Tall Tree, and Tall Tree has concluded that

2   it provides coverage under the broad non-standard language of its "Advertising Injury"

3   insuring agreement.  Thus, there is no underlying dispute that must be resolved before

4   Tall Tree's liability to HP is determined; rather, Tall Tree's liability to HP is only in

5   question because *Munich Re* contends that Tall Tree is not liable.  In other words, the

6   probability that Tall Tree is liable to HP, and thus that a declaration of Munich Re's

7   liability to Tall Tree will become necessary, is the same as the probability that this Court

8   will declare that Tall Tree is liable to HP.  On the record here, the prospect that this

9   Court will find in Tall Tree's favor is not such a "slight" probability that an actual

10  controversy is lacking.  *See id.* at 681.

11          Munich Re relies on six cases.  *See* Mot. at 9-10.  All are easily distinguishable.

12          Munich Re's leading case, *Bellefonte Reins. Co. v. Aetna Cas. & Sur. Co.*, 590 F.

13  Supp. 187 (S.D.N.Y. 1984), does not support Munich Re's position at all.  In *Bellefonte*,

14  a *reinsurer* sued its reinsured for a declaration of the reinsurer's liability to the reinsured.

15  *Id.* at 188.  In the meantime, the reinsured had denied coverage to its policyholder, and

16  was litigating the extent of its liability to its policyholder in another action.  *Id.* at 189-

17  90.  The district court ruled that because the question of the reinsured's liability to its

18  policyholder was not yet resolved, and the eventual resolution of that liability in the

19  underlying suit could render the district court's decision in the reinsurance case moot,

20  there was no actual controversy supporting jurisdiction under the Act at that point.  *Id.* at

21  191-92.

22          *Bellefonte* does not help Munich Re.  Most fundamentally, as noted above, in the

23  Ninth Circuit, a district court may declare whether a liability insurer provides coverage

24  before the policyholder is actually liable in the underlying proceeding.  *See Eureka*, 873

25  F.2d at 231-32.  To the extent that *Bellefonte* stands for a different rule, the Ninth Circuit

26  authority would of course be binding in this Court.  Moreover, *Bellefonte* was

27  particularly concerned with the fact that the reinsured's liability to its policyholder

28  remained to be determined *in another action in which the reinsured was contesting*

1    *coverage*, and that the declaratory relief action would turn on the result of the underlying

2    insurance coverage case.  Here, in contrast, there is no other pending litigation.  HP and

3    Tall Tree both acknowledge Tall Tree's liability to HP, and the resolution of Tall Tree's

4    dispute *with Munich Re* depends only upon what this Court decides in this case.

5        Munich Re's other cases fare no better.  *See Certain Underwriters at Lloyd's*

6    *London v. St. Joe Minerals Corp.*,  90 F.3d 671 (2d Cir. 1996) (no actual controversy

7    where excess insurers sought declaratory relief against insured but it was unlikely that

8    insured would ever exhaust its primary coverage and reach the excess policies); *Atlanta*

9    *Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409 (11th Cir. 1995) (no actual

10   controversy where insured had made no demand for coverage); *Atlanta Int'l Ins. Co. v.*

11   *Atchison, T. and S.F. Ry.*, 938 F.2d 681 (7th Cir. 1991) (same); *Century Indem. Co. v.*

12   *McGillacuty's Inc.*, 820 F.2d 269 (8th Cir. 1987) (issue was whether the court should

13   exercise its discretion to hear an action under the Act, not the existence of an actual

14   controversy conferring subject matter jurisdiction); *Laguna Publ'g Co. v. Employers*

15   *Reins. Corp.*, 617 F. Supp. 271 (C.D. Cal. 1985) (no actual controversy where third party

16   sued excess insurer for declaratory relief, but question of extent of primary coverage was

17   pending in another action).  Here, as noted, the Starter Cartridge Suits have been

18   resolved, and HP's defense costs are a fixed amount that exceeds the retained limit of the

19   HP Policies.  There is no pending litigation of Tall Tree's liability to HP, and the

20   existence of that liability may be determined in this action.  Tall Tree has demanded that

21   Munich Re provide coverage, and Munich Re has denied coverage.

22       In short, Munich Re has failed to cite any case in any jurisdiction that supports its

23   argument against the existence of subject matter jurisdiction here.

24
            **b)    Tall Tree's First Requested Declaration Would Resolve a**
25          **Dispute Between Tall Tree and Munich Re, Making It an**
            **Appropriate Request for Relief in This Action**

26       Munich Re also tries to find fault with Tall Tree's request for a declaration that

27   Munich Re erred when it denied coverage on the ground that the HP Policies do not

28   insure the Starter Cartridge Suits.  Mot. at 6-7.

1    The fact that Munich Re is the only party contesting Tall Tree's liability to HP

2    disposes of Munich Re's argument that Tall Tree cannot properly seek this requested

3    declaration.  To begin with, Munich Re has it backwards: the actual controversy between

4    Tall Tree and Munich Re that conveys subject matter jurisdiction is the extent of Munich

5    Re's obligation to Tall Tree, which in turn conveys jurisdiction to determine the

6    predicate legal issue of whether Tall Tree provides coverage to HP.  *Cf.* Mot. at 8

7    ("Since the Court does not have subject-matter jurisdiction to make [the] first and

8    threshold declaration [regarding Tall Tree's liability to HP], the predicate for the second

9    declaration [regarding Munich Re's liability to Tall Tree] fails.").  This Court's

10   jurisdiction to make Tall Tree's first requested declaration rises or falls upon the

11   existence of jurisdiction to make Tall Tree's second requested declaration, and Munich

12   Re's contentions to the contrary miss the point.

13   Moreover, while the HP Policies alone do not *create* a legal relationship between

14   Tall Tree and Munich Re, the HP Policies govern the legal relationship (created by the

15   Reinsurance Agreements) that does exist between Tall Tree and Munich Re.  (In fact, the

16   HP Policies are incorporated by reference into the Reinsurance Agreements.)

17   Because Munich Re's legal duties to Tall Tree in this situation depend upon Tall

18   Tree's legal duties to HP, a declaration of Tall Tree's liability to HP does in fact

19   implicate Munich Re's legal relationship to Tall Tree.  *Provident Life & Accident Ins.*

20   *Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1491 (11th Cir. 1988), the

21   case on which Munich Re relies for its argument, does not help its cause.  There, the

22   court held that there was no actual controversy when one insurer sued another insurer for

23   a declaration as to which of them was liable for an insured's medical expenses, because

24   there was no legal relationship between the insurers but only between each insurer and

25   the insured.  Here, in contrast, Tall Tree and Munich Re do have a legal relationship, and

26   both of the declarations sought by Tall Tree would help to determine that relationship.

27   Finally,  the dispute as to whether Tall Tree is liable to HP is between Tall Tree

28   and Munich Re, not Tall Tree and HP, making a declaration of Tall Tree's liability to HP

PLAINTIFF'S OPPOSITION TO MOTION OF MUNICH
REINSURANCE FOR JUDGMENT ON THE PLEADINGS
Case No. CV 08-01060 (MMC)

12

against Munich Re entirely appropriate. Munich Re suggests that the declaration sought here would not be "'conclusive'" because "'the legal status of the parties [would not] be changed or clarified by the declaration.'" Mot. at 6 (quoting *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995)). Munich Re is wrong. If this Court declares that Tall Tree is liable to HP, then Munich Re must pay Tall Tree's claim; and if this Court finds that Tall Tree is not liable to HP, then Munich Re may not be required to pay Tall Tree's claim.

### 3.    At a Minimum, the Court Should Grant Leave to Amend.

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint with the court's leave, which is to be "freely give[n] . . . when justice so requires." Rule 15(a) "'should be applied with extreme liberality.'" *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks omitted)). If this Court concludes that Tall Tree has not alleged facts that demonstrate the existence of an actual controversy, Tall Tree respectfully requests leave to amend the Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Tall Tree's Complaint establishes the existence of an actual controversy over which this Court has subject matter jurisdiction, and Munich Re's motion for judgment on the pleadings should be denied. At a minimum, the Court should grant Tall Tree leave to amend.

Dated:  July 11, 2008                    Respectfully submitted,

                                         DAVID B. GOODWIN
                                         MARGARET D. WILKINSON
                                         COVINGTON & BURLING LLP


                                         By_____/S/_____
                                               DAVID B. GOODWIN


                                         Attorneys for Plaintiff
                                         The Tall Tree Insurance Company