IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TALL TREE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUNICH REINSURANCE AMERICA, INC., formerly AMERICAN RE-INSURANCE COMPANY,<br><br>　　　　Defendant　　　　　　　　　　　／ | No. C-08-1060 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; DISMISSING COMPLAINT WITHOUT PREJUDICE; VACATING HEARING** |

　　　　Before the Court is defendant's "Motion for Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction," filed June 20, 2008. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 1, 2008, and rules as follows.

　　　　In its complaint, plaintiff alleges that Hewlett-Packard Company ("HP"), to whom plaintiff issued two excess liability insurance policies, has incurred costs in connection with defending a group of lawsuits known as the "Starter Cartridge Suits." (See Compl. ¶¶ 1, 2.) Plaintiff also alleges defendant has issued two reinsurance policies to plaintiff, under which policies defendant has promised to pay plaintiff for amounts plaintiff is "legally obligated to pay" under the liability policies plaintiff issued to HP. (See Compl. ¶¶ 15-17.) According to

plaintiff, HP has "requested" that plaintiff reimburse HP for "all defense costs incurred pursuant to the [p]olicies issued by [plaintiff]," plaintiff "believes that there is coverage," plaintiff "requested [defendant] confirm that it would reimburse [plaintiff]," and defendant "denied any obligation to reimburse [plaintiff], claiming that there is no coverage for the Starter Cartridge Suits under [plaintiff's] policies [issued to HP]." (See Compl. ¶¶ 28-30.) In its complaint, plaintiff seeks a declaration that (1) plaintiff is "obligat[ed] to reimburse HP for the defense costs HP incurred in connection with the Starter Cartridge Suits, in excess of the specified retained limit," and (2) plaintiff's obligations to HP "give rise to [defendant's] obligation under the Reinsurance Agreements to reimburse [plaintiff] for the amounts [plaintiff] pays to HP in good faith, including any interest [plaintiff] pays to HP for the amounts outstanding." (See Compl., Prayer for Relief ¶ 1.)

Defendant argues plaintiff has failed to state a case or controversy over which a district court has jurisdiction.

Where, as here, a plaintiff seeks declaratory relief, the plaintiff must allege sufficient facts to demonstrate that an "actual controversy" exists. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941). "[T]he question . . . is whether the facts alleged, under all the circumstances, show that there is a substantive controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See id. at 273. In the absence of such factual allegations, "the District Court is without power to grant declaratory relief." See id. at 272.

Here, plaintiff fails to allege any facts to support a finding that there currently exists an actual controversy warranting issuance of a declaration as to whether plaintiff has any obligations to HP. Because plaintiff is seeking a declaration that plaintiff has a duty to pay HP, there is no controversy between plaintiff and HP, and plaintiff does not claim defendant is asserting any basis for precluding plaintiff from doing so. In short, plaintiff can simply pay HP.[1]

---

[1] Conversely, if plaintiff were seeking a declaration that it has no duty to pay HP, such finding would be wholly advisory because HP is not a party hereto.

1    Further, plaintiff fails to allege any facts to support a finding that there currently exists an actual controversy warranting issuance of a declaration as to whether defendant is obligated to reimburse plaintiff for the amounts plaintiff "pays in good faith" to HP.  Under the "follows the fortunes" doctrine recognized by California,[2] a reinsurer is obligated to reimburse its reinsured for payments made in good faith, see Zenith Ins. Co. v. O'Connor, 148 Cal. App. 4th 998, 1007 (2007) (holding reinsurer must reimburse its reinsured for payment made to its insured, "[a]bsent fraud or collusion"), meaning a reinsurer must reimburse its reinsured "for payments reasonably within the terms of the original policy, even if not covered by it," see National American Ins. Co. v. Certain Underwriters at Lloyd's London, 93 F. 3d 529, 535 (9th Cir. 1997) (emphasis added) (applying California law); see also, e.g., American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co., 198 F. 3d 1332, 1336-37 (11th Cir. 1999) (holding reinsurer required to reimburse its reinsured for claim paid, where reinsurer failed to prove reinsured paid claim in "grossly negligent or reckless manner").[3]

Here, until plaintiff has paid a claim that HP has submitted or may in the future submit, or until a determination is otherwise made that plaintiff is obligated to pay any such claim, plaintiff's request for declaratory relief is premature, because defendant has not yet been put in a position where it can decide if plaintiff has paid a claim in good faith.  Indeed, in each case cited by plaintiff involving a dispute between a reinsurer and its reinsured, the reinsured's "fortunes" were known, as each such reinsured had either paid its insured's claim or its liability to the insured had been judicially determined in a lawsuit between the

---

[2] The Court has diversity jurisdiction over the instant action.

[3] The "follows the fortunes" doctrine applies to a policy of reimbursement unless the policy "provide[s] otherwise."  See Zenith Ins. Co., 148 Cal. App. 4th at 1007.  Here, plaintiff alleges that one of the two reinsurance policies includes a "follows the fortunes" provision."  (See Compl. ¶ 17.)  Although plaintiff does not allege whether the second policy has such a provision, plaintiff, as noted, seeks a declaration that defendant is required to reimburse plaintiff for amounts plaintiff "pays to HP in good faith," (see Compl., Prayer for Relief ¶ 1.b), indicating the second policy likewise requires defendant to reimburse plaintiff for payments made in accordance with the "follows the fortunes" doctrine.

insured and reinsured.  See, e.g., id. at 1334 (exercising jurisdiction over claim for declaratory relief, where reinsured paid claim of insured and then submitted claim for reimbursement to reinsurer, which denied coverage on stated ground reinsured paid claim without conducting "adequate" investigation).  Here, by contrast, there is no act for defendant to assess and "follow."

In its opposition, plaintiff requests, in the event the Court determines the complaint does not include sufficient facts to allege an actual controversy, an opportunity to amend.  As defendant observes, plaintiff fails to identify any new factual allegation it would plead in an amended complaint.  Under such circumstances, there is no showing amendment is warranted.

## CONCLUSION

For the reasons stated above, defendant's motion for judgment on the pleadings is hereby GRANTED, and the complaint is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: July 29, 2008

_____
MAXINE M. CHESNEY
United States District Judge

4